IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MISSOURI BROADCASTERS )
ASSOCIATION, et al., )
 )
       Plaintiffs, )
 ) Case No. 13-CV-04034-FJG
v. )
 )
LAFAYETTE E. LACY, et al., )
 )
       Defendants. )

## ORDER

Before the Court are plaintiffs' and defendants' responses (Doc. Nos. 58, 59, 60, and 61) to the Court's Order dated March 31, 2015 (Doc. No. 57, denying plaintiffs' motion for summary judgment). The Court previously dismissed all claims in plaintiffs' complaint, with the exception of a sub-issue in Count I regarding 11 C.S.R. 70-2.240(5)(G)'s disparate treatment of manufacturers of intoxicating liquor other than beer or wine. See Doc. No. 57.

As noted in the Court's previous order, plaintiffs argue in their suggestions in support of summary judgment (Doc. No. 51, p. 26) that 11 C.S.R. 70-2.240(5)(G) fails the third part of the Central Hudson test[1] because of "the overall irrationality of the Government's regulatory scheme," which provides inconsistent treatment for different types of alcohol. Rubin v. Coors Brewing Co., 514 U.S. 476, 488 (1995) (holding that

---

[1] Central Hudson Gas & Electric Corp. v. Public Service Commission, 447 U.S. 557 (1980) established a four-part test to determine when a statute or regulation violates a right to free commercial speech. The Central Hudson test is as follows: (1) the court must determine if the First Amendment protects the speech in question (in other words, the speech must not be misleading or otherwise unlawful); (2) if the First Amendment does afford the speech protection, the court must determine whether the state's governmental interest is substantial; (3) if the first two elements are established, the court then must determine whether the statute or regulation directly advances the government's claimed interest; and (4) the court must determine whether the statute or regulation is more extensive than necessary. Central Hudson, 447 U.S. at 566.

while the prohibition of alcoholic strength on beer labels succeeded in keeping that information from the public, that limited prohibition did not advance the asserted interest in preventing strength wars since strength information appeared on labels for other alcoholic beverages). As the Court previously noted, 11 C.S.R. 70-2.240(5)(G) allows manufacturers of intoxicating liquor other than beer or wine to advertise "consumer cash rebate coupons," while beer and wine manufacturers, as well as all retailers and wholesalers, are prohibited from doing so.[2]

At the time the Court entered its order, the Court noted the record was not clear if there is a reason why manufacturers of intoxicating liquor other than beer or wine are treated differently in 11 C.S.R. 70-2.240(5)(G). The Court ordered the parties to file briefs, answering the following questions:

- Is there a reason that manufacturers of intoxicating liquor are treated differently under 11 C.S.R. 70-2.240(5)(G)?

- Does that difference make Missouri's regulatory scheme irrational such that the Court should find the regulation unconstitutional?

- If the Court found the regulation unconstitutional as written, how should the Court remedy this issue?

In defendants' response to the Court's order (Doc. No. 58), defendants argue that plaintiffs' First Amended Complaint (Doc. No. 10) did not focus on the exception

---

[2] 11 C.S.R. 70-2.240(5)(G) provides that "No advertisement of intoxicating liquor or nonintoxicating beer shall contain . . . [a]ny statement offering any coupon, premium, prize, rebate, sales price below cost or discount as an inducement to purchase intoxicating liquor or nonintoxicating beer except, manufacturers of intoxicating liquor other than beer or wine shall be permitted to offer and advertise consumer cash rebate coupons and all manufacturers of intoxicating liquor may offer and advertise coupons for nonalcoholic merchandise in accordance with section 311.355, RSMo."

identified by the Court (regarding consumer cash rebate coupons and their availability only to manufacturers of intoxicating liquor other than beer or wine); instead, the focus of the complaint was the advertising of liquor prices. Defendants argue that plaintiffs' suggestions in support of their motion for summary judgment (Doc. No. 51, p. ) makes only a cursory reference to the exception identified by the Court in its Order, and defendants argue that such a reference was not a specific attack on the exception itself because plaintiffs were seeking a ruling that the regulation was facially unconstitutional in its entirety. Defendants argue that because plaintiffs failed to plead a specific claim regarding the exception in 11 C.S.R. 70-2.240(5)(G) in the First Amended Complaint, the Court should dismiss this case in its entirety. Additionally, defendants note that the exception in 11 C.S.R. 70-2.240(5)(G) follows the relevant statute, R.S.Mo. § 311.355, which is not mentioned at all in plaintiffs' First Amended Complaint. Defendants note that if the Court found the regulatory exception unconstitutional, R.S.Mo. § 311.355 would still be in effect. Defendants suggest that the constitutionality of 11 C.S.R. 70-2.240(5)(G)'s exception allowing rebates for manufacturers of intoxicating liquor cannot be reached in this litigation, and instead it would be more appropriate for plaintiffs to file a new complaint specifically alleging that claim.

In response, plaintiffs argue that they did not allege that R.S.Mo. § 311.355 is unconstitutional because it does not burden speech, because it merely provides that "manufacturers of intoxicating liquor other than beer or wine shall be permitted" to offer cash rebate coupons as provided in this section, and does not prohibit the advertising of discount prices, coupons, or rebates. Plaintiffs argue, however, that 11 C.S.R. 70-2.240(5)(G) unconstitutionally burdens speech because it does prohibit certain types of advertising. However, the portion of 11 C.S.R. 70-2.240(5)(G) identified by the Court as

3

potentially problematic is the portion that directly tracks the language of R.S.Mo. § 311.355. The Court has already dismissed plaintiffs' challenges regarding the remaining portions of 11 C.S.R. 70-2.240(5)(G). The Court does not see how R.S.Mo. § 311.355 could be found constitutional and 11 C.S.R. 70-2.240(5)(G)'s treatment of manufacturers of intoxicating liquor other than beer or wine could be found unconstitutional.

Furthermore, when examining plaintiffs' First Amended Complaint in full, the Court agrees with defendants that plaintiffs have not specifically pled a claim regarding the regulatory exception identified by the Court in its Order (Doc. No. 57). Plaintiffs cite 11 C.S.R. 70-2.240(5)(G) in full at ¶ 18 of the First Amended Complaint, including the language regarding the exception permitting manufacturers of intoxicating liquor other than beer or wine to offer rebates. In the remaining allegations in their First Amended Complaint, there are no further mentions of rebates or this portion of the regulation at all. The Court agrees with defendants, therefore, that plaintiffs have failed to plead a claim upon which relief may be granted in relation to the constitutionality of the sub-issue in Count I regarding 11 C.S.R. 70-2.240(5)(G)'s disparate treatment of manufacturers of intoxicating liquor other than beer or wine. Therefore, the Court **DISMISSES** plaintiffs' lawsuit in its entirety.

**IT IS SO ORDERED.**

Date: March 31, 2016                              **/S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                      Fernando J. Gaitan, Jr.
                                                           United States District Judge