IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MISSOURI BROADCASTERS ASSOCIATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DOROTHY TAYLOR, et al., | ) ) ) ) | Case No. 2:13-CV-04034-CV-MDH |
| Defendants. | ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' BILL OF COSTS**

Defendants, by and through counsel, submit their objections to Plaintiffs' bill of costs (Ct. Doc. 138).

Specifically, Defendants object to Plaintiffs' request for black and white copy charges in the amount of $1,278.64 and color copy charges in the amount of $721.35 (see Ct. Doc. 138-1 at 1). "Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request." *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 2014 WL 1729152 at *1 (E.D. Mo. May 1, 2014), *citing Yaris v. Special Sch. Dist. of St. Louis County*, 604 F.Supp. 914, 915 (E.D. Mo. 1986). Plaintiffs' bill of costs does not allow the Court to meaningfully evaluate their request for taxation of fees for copy charges. Plaintiffs have not provided supporting documentation, a description of what

was copied, the number of copies made, or the purpose of the copies. Thus, the bill of costs fails to demonstrate that the amounts sought for black and white or color copy charges were for "copies… necessarily obtained for use in the case," 28 U.S.C. §1920(4), *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 2014 WL 1729152 at *1 (E.D. Mo. May 1, 2014). A declaration that costs "were necessarily incurred in this action" does not satisfy the requirement of 28 U.S.C. §1920(4) that copies be "necessarily obtained for use in the case." *Glickert v. Loop Trolley Transp. Dev. Dist.*, 2014 WL 12649012 (E.D. Mo. June 16, 2014).

Moreover, under §1920 "plaintiffs may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court… or transmitting to their client; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not necessarily obtained for use in the case." *Glickert v. Loop Trolley Transp. Dev. Dist.*, 2014 WL 12649012 (E.D. Mo. June 16, 2014), *quoting Emmenegger v. Bull Moose Tube Co.*, 33 F.Supp.2d 1127, 1133 (E.D. Mo. 1998) (internal quotations omitted).

WHEREFORE, Defendants request that the Court deny Plaintiffs' request for taxation of costs for black and white copy charges ($1,278.64) and color copy charges ($721.35).

Respectfully submitted,

**JOSHUA HAWLEY**
Attorney General

*/s/ Emily A. Dodge*
Emily A. Dodge
Assistant Attorney General
Missouri Bar No. 53914
P.O. Box 899
Jefferson City, MO 65102
Phone 573-751-9167
Fax   573-751-9456

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2018, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF electronic notification system which sent notification of such filing to the following:

Mark S. Sableman
Michael L. Nepple
Thompson Coburn LLP
One US Bank Plaza, Suite 2700
St. Louis, MO 63101

*/s/ Emily A. Dodge*
Assistant Attorney General